**NOT FOR PUBLICATION**

MAR 8 2021

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE CALIXTO BLAS, | No. 20-70236 |
| Petitioner, | Agency No. A216-183-035 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 1, 2021
Seattle, Washington

Before: TASHIMA, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner Calixto Blas requests review of the Board of Immigration

Appeal's (BIA's) decision affirming an Immigration Judge's (IJ's) denial of his

application for asylum, withholding of removal, and protection under the

Convention Against Torture. Calixto Blas argues, *inter alia*, that the IJ violated

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

due process by denying his request for a continuance to secure counsel, and the BIA erred in affirming that denial. We have jurisdiction under 8 U.S.C. § 1252. We review claims of due process violations de novo, *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), and denial of a continuance for abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We grant the petition and remand to the agency.[1]

At Calixto Blas's hearing on the merits of his asylum and withholding application, he withdrew his prior waiver of counsel by requesting a "continuance" so he could be represented by an attorney. After minimal inquiry, the IJ denied the request and required Calixto Blas to proceed pro se.

In the absence of a knowing and voluntary waiver of the right to counsel, "the IJ must inquire whether there is good cause to grant petitioner more time to obtain counsel." *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005); 8 C.F.R. § 1003.29. The IJ here did not do so. *See Biwot*, 403 F.3d at 1099 (Good cause factors include "the realistic time necessary to obtain counsel; the time frame of the requests for counsel; the number of continuances; any barriers that frustrated [his] efforts to obtain counsel, such as being incarcerated or an inability to speak

---

[1] Because we conclude that the IJ erred in denying Calixto Blas a continuance to finish securing counsel, we need not address the remainder of the petition and decline to do so.

English; and whether [he] appears to be delaying in bad faith."). Because the IJ failed to inquire further as to Calixto Blas's circumstances and potential good cause for the requested continuance, the IJ abused his discretion in denying the request. *See id.* When an alien has been denied an attorney at the merits hearing, we presume prejudice and remand is automatic. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012).

**PETITION GRANTED; REMANDED.**